IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  v.                                        CRIMINAL NO. 1:20CR74-18
                                                      (KLEEH)

**GREG SNIDER,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER
DENYING POST-TRIAL MOTIONS [ECF NO. 1536]**

Pursuant to Federal Rules of Criminal Procedure 29 and 33, the defendant, Greg Snider ("Snider"), has moved for a judgment of acquittal or a new trial [ECF No. 1536]. For the reasons discussed herein, his motion is **DENIED**.

**I.    BACKGROUND**

Following a four-day jury trial, Snider was found guilty of the following offenses:

- Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count One); and

- Aiding and Abetting the Maintaining of Drug-Involved Premises, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 856(a)(2) (Count Twenty-Six).

During this trial, at the close of the Government's case-in-chief, Snider moved for judgment of acquittal pursuant to Federal

**MEMORANDUM OPINION AND ORDER**
**DENYING POST-TRIAL MOTIONS [ECF NO. 1536]**

Rule of Criminal Procedure 29. The Court denied his motion, finding the Government had presented sufficient evidence to support a guilty verdict on both counts. Snider renewed his Rule 29 motion prior to the jury's deliberations, and the Court again denied the motion.

Snider filed the pending motion for judgment of acquittal or a new trial on January 24, 2023 [ECF No. 1536]. The Government responded in opposition on March 2, 2023 [ECF No. 1619].

## II. APPLICABLE LAW

Rule 29 of the Federal Rules of Criminal Procedure provides that "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." A defendant who challenges the sufficiency of the evidence under Rule 29 faces an "imposing burden." United States v. Martin, 523 F.3d 281, 288 (4th Cir. 2008) (citing United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997)). He must establish that "the record demonstrates a lack of evidence from which a jury could find guilt beyond a reasonable doubt." Id. at 277-78 (citing United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). When reviewing the sufficiency of the evidence supporting a criminal conviction, courts are "limited to considering whether there is substantial

**MEMORANDUM OPINION AND ORDER**
**DENYING POST-TRIAL MOTIONS [ECF NO. 1536]**

evidence, taking the view most favorable to the Government, to support it." Beidler, 110 F.3d at 1067 (citation and quotation marks omitted).

The Court must uphold the jury's verdict if, when viewed in the light most favorable to the government, there is sufficient evidence from which "any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). It is the jury, and not the court, who "weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (citation omitted). Reversal of a jury's verdict of guilty is reserved for cases "where the prosecution's failure is clear." Burks v. United States, 437 U.S. 1, 17 (1978).

Rule 33(a) of the Federal Rules of Criminal Procedure permits the Court to vacate a criminal conviction and "grant a new trial if the interest of justice so requires." However, "a trial court should exercise its discretion to award a new trial sparingly, and a jury verdict is not to be overturned except in the rare circumstance when the evidence weighs heavily against it." United States v. Smith, 451 F.3d 209, 217 (4th Cir. 2006) (citation and quotation marks omitted).

**MEMORANDUM OPINION AND ORDER**
**DENYING POST-TRIAL MOTIONS [ECF NO. 1536]**

### III. DISCUSSION

Snider argues that the Court committed three errors during his jury trial. The Court will address each in turn.

**1.   The Court did not err in conducting voir dire.**

Snider first argues that "the jury process was flawed in that numerous members of the jury venire had impermissible ties to the law enforcement community" [ECF No. 1536 at 1]. Specifically, he is concerned that several jurors had ties to the Federal Bureau of Investigation, one juror's son was a deputy sheriff, and one juror's husband was a former sheriff.

Under the Sixth Amendment to the United States Constitution, a criminal defendant has the right to trial by an impartial jury. The trial court therefore must exclude those prospective jurors who cannot be impartial, or who cannot "lay aside [their] opinion and render a verdict based on the evidence presented in court." United States v. Turner, 389 F.3d 111, 117 (4th Cir. 2004) (citing Patton v. Yount, 467 U.S. 1025, 1037 n. 12 (1984)). "[U]nder our system it is [the trial] judge who is best situated to determine competency to serve impartially." Id. (citing Patton, 467 U.S. at 1039). Thus, its findings of impartiality are disturbed only upon finding that a "manifest error" has occurred. Id.

**MEMORANDUM OPINION AND ORDER**
**DENYING POST-TRIAL MOTIONS [ECF NO. 1536]**

A party may strike a potential juror for cause where actual bias is shown. Person v. Miller, 854 F.2d 656, 664 (4th Cir. 1988). Striking a prospective juror for cause based on an implied bias is limited "to those extreme situations where the relationship between a prospective juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial in his deliberations under the circumstances." Id. Prospective jurors are presumed impartial, and the existence of a preconception is insufficient to rebut the presumption, if the juror can "lay aside his impression or opinion and render a verdict based on the evidence presented in court." United States v. Jones, 716 F.3d 851, 857 (4th Cir. 2013) (citing Murphy v. Florida, 421 U.S. 794, 800 (1975)).

Here, Snider does not allege that he was forced to exercise peremptory strikes to remove jurors from the panel that should have been stricken for cause or that the Court empaneled a biased juror. Instead, he seemingly contends that the Court should have stricken any juror with a personal or family connection to law enforcement. But the Court did not err in refusing to do so as there is no per se rule excluding jurors because of their associations with law enforcement or investigatory agencies. See United States v. Umana, 750 F.3d 320, 342 (4th Cir. 2014) ("A juror's generally favorable impression of law enforcement does not

necessarily amount to bias any more than does a juror's personal association with law enforcement."); United States v. LaRouche, 896 F.2d 815, 830 (4th Cir. 1990) ("[C]ase law . . . refuses to establish a per se rule excluding any person who had an association with an investigatory agency."). Further, a family relation to law enforcement is not a circumstance from which bias may be implied. See United States v. Caldwell, 543 F.2d 1333, 1347 (D.C. Cir. 1974) ("Absent a specific showing of bias, a defendant accused of murdering a police officer is not entitled to a jury free of policemen's relatives."); United States v. Brewer, No. 1:12CR1, 2012 WL 4757894, at *5 (N.D.W. Va. Oct. 5, 2012) ("[T]he mere fact that . . . [the juror] once had a family member in law enforcement is plainly not one of the 'extreme situation[s]' in which bias may be implied.") (citation omitted), aff'd, 533 F. App'x 234 (4th Cir. 2013). Accordingly, where bias cannot be implied, the Court did not err in allowing potential jurors with connections to law enforcement to remain in the jury venire.

Moreover, the Court solicited sufficient information from each prospective juror to ensure that Snider had an impartial jury. Along with other avenues of inquiry, it specifically probed for actual bias with respect to connections to law enforcement. Each potential juror that the Court allowed to remain in the venire, affirmed that they could serve as a fair and impartial juror and

could render a decision based solely on the evidence as presented by the parties and the law as instructed by the Court. Each prospective juror is therefore presumed to be impartial and absent a showing of actual prejudice by Snider the Court did not err.

**2. The Court did not err in denying Snider's motion for disclosure of opposing counsel's notes.**

Snider next contends that the Court erred in denying his motion to produce witness statements pursuant to Federal Rule of Criminal Procedure 26.2 [ECF No. 1536 at 1-2]. Rule 26.2(a) provides in relevant part as follows:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government . . . to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

This rule defines a witness's "statement" as:

> (1) a written statement that the witness makes and signs, or otherwise adopts or approves;
>
> (2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or
>
> (3) the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.

Fed. R. Crim. P. 26.2(f).

**MEMORANDUM OPINION AND ORDER**
**DENYING POST-TRIAL MOTIONS [ECF NO. 1536]**

The Government filed its Second Amended Witness List on November 30, 2022 [ECF No. 1462]. The Government intended to call several of Snider's co-defendants, including Anthony Allen ("Allen") and Johnnie Bradley ("Bradley"), to testify about Snider's involvement in the charged drug conspiracy. Id. at 1. At that time, Allen had pleaded guilty to conspiring to distribute controlled substances [ECF No. 1375] but Bradley had not entered a guilty plea and was scheduled to begin trial on February 6, 2023 [ECF No. 1508].[1] The Government had not yet debriefed Allen regarding his criminal activities in this case and it could not have debriefed Bradley. It had debriefed, however, the other co-defendants who would testify against Snider at trial. Following each of these interviews, the Government's attorney summarized the information and disclosed a synopsis to Snider's counsel. Accordingly, on the date of trial, Snider had debrief summaries for all the co-defendant witnesses, except Allen and Bradley.

The Government's attorney separately interviewed Allen and Bradley to prepare for trial.[2] During these interviews, she took handwritten notes and developed questions for her direct

---

[1] Bradley pleaded guilty to conspiring to distribute controlled substances pursuant to a plea agreement on April 10, 2023 [ECF No. 1656].
[2] A law enforcement officer was also present during the Government's interview with Bradley. The officer's interview notes were disclosed to Snider, at his request and without objection, during trial.

examination. She subsequently provided summaries of their anticipated trial testimony to Snider's counsel.

At trial, Snider's counsel argued that the Government attorney's handwritten notes from her interviews with Allen and Bradley were witness statements that she must disclose pursuant to Rule 26.2(a). The Government's attorney objected, asserting that her notes were not witness statements as defined by Rule 26.2(f) and were protected by the work product doctrine. After reviewing the disputed documents in camera, the Court agreed with the Government. For the reasons articulated at trial and herein, this decision was not in error.

First, Rule 26.2 does not compel disclosure of the Government attorney's notes. Because they do not meet any of the definitions provided by Rule 26.2(f), the notes are not "witness statements" to which Rule 26.2(a) applies. Handwritten by the Government's attorney, the notes in question were not made by Allen or Bradley. The witnesses also could not have signed, adopted, or approved the notes as neither was given an opportunity to see or review the attorney's work. Therefore, the attorney's notes are not statements under Rule 26.2(f)(1). As the attorney's notes consist of short-hand annotations, they are not "substantially verbatim, contemporaneously recorded recital[s] of the witness[es'] oral statement[s]" and not statements under Rule 26.2(f)(2). Nor are

the attorney's notes statements under Rule 26.2(f)(3) where they do not reflect the testimony of Allen or Bradley before a grand jury. Therefore, because the attorney's notes do not qualify as witness statements under any Rule 26.2(f)'s definitions, Rule 26.2(a) does not apply, and the Government was not required to disclose them to Snider.

Second, the Government attorney's notes are protected by the work product doctrine. See In re Doe, 662 F.2d 1073, 1078 (4th Cir. 1981) ("Although expressed in the Federal Rules in terms of discoverability of relevant material in civil cases, the work product principle also applies to criminal trials. . . ."). The notes at issue were authored by counsel in anticipation of trial and contain her thoughts and mental impressions formed while preparing her witnesses for direct examination. Thus, the Government attorney's notes also were protected from disclosure under the work product doctrine.

3. **The Court did not err in denying Snider's motions for judgment of acquittal on Count One.**

Finally, Snider contends that there was insufficient evidence to prove his participation in the charged conspiracy [ECF No. 1536 at 2]. As it did at trial, the Court denies Snider's motion for judgment of acquittal because the Government presented more than enough evidence for the jury to find his guilt beyond a reasonable

**MEMORANDUM OPINION AND ORDER**
**DENYING POST-TRIAL MOTIONS [ECF NO. 1536]**

doubt as to Conspiracy to Distribute Controlled Substances (Count One). To obtain a conviction on Count One, the Government was required to prove the following elements beyond a reasonable doubt: (1) there was an agreement between two or more persons to possess with intent to distribute or to distribute a controlled substance; (2) Snider knew of the conspiracy; and (3) Snider knowingly and voluntarily participated in the conspiracy. See United States v. Wilson, 135 F.3d 291, 306 (4th Cir. 1998). From the evidence presented at trial, it is clear that the Government satisfied its burden in this case.

For example, the evidence established that during the conspiracy period Snider regularly purchased crack cocaine from several of his co-conspirators at a residence on Marcus Drive in Morgantown, West Virginia. When the conspiracy drew the attention of law enforcement and could no longer operate from Marcus Drive, Snider offered his home as the new base of operations. Large packages of controlled substances were sent to Snider's home where they were broken down and repackaged for sale. In exchange, Snider received controlled substances for his own use and for distribution. Snider further supported the conspiracy by providing transportation for other members and by renting vehicles and hotel rooms for distribution. Based on this evidence, the

**MEMORANDUM OPINION AND ORDER**
**DENYING POST-TRIAL MOTIONS [ECF NO. 1536]**

Court finds that it did not err in denying Snider's motions for judgment of acquittal on Count One.

## IV.     CONCLUSION

For the reasons discussed herein, Snider's motion for a judgment of acquittal or a new trial is **DENIED** [ECF No. 1536].

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: May 8, 2023

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA